## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARVIS ROBERTS,<br>                    **Plaintiff,**<br><br>            v.<br><br>STATE OF PENNSYLVANIA,<br>COUNTY OF BERKS,<br>CITY OF READING,<br>JOHN ADAMS,<br>DENNIS SKAYHAN,<br>THOMAS PARISI,<br>MARGARET McDONOUGH,<br>JAMES GOLDSMITH,<br>RACHEL LOUVIAUX,<br>MICHAEL PERKINS,<br>JAY NIGRINI,<br>MICHAEL WALKER and<br>JOSE GAVILANES,<br>                    **Defendants.** | CIVIL ACTION<br><br><br><br><br>NO.  22-4829 |

## MEMORANDUM

**HODGE, J.**                                                   **SEPTEMBER 25, 2023**

*Pro se* Plaintiff, Jarvis Roberts, brings this lawsuit seeking damages against thirteen (13) Defendants, including the Honorable Thomas Parisi, John Adams, Dennis Skayhan, James Goldsmith, Rachel Louiaux, Margaret McDonough, Michael Perkins, Jay Nigrini, Michael A. Walker, Jose Gavilanes, the Commonwealth of Pennsylvania, County of Berks, and the City of Reading alleging various constitutional violations arising under the 4th, 5th, 6th, and 8th Amendments, and "malicious prosecution."  (ECF No. 1; ECF No. 1-1 at 6.)  Plaintiff's claims are all related to a consolidated criminal proceeding against him, *Commonwealth v. Jarvis Roberts*, CP-06-CR-0000416-2019 and *Commonwealth v. Jarvis Roberts*, CP-06-CR-00004876-2017 which is pending in the Berks County Court of Common Pleas.  (ECF No. 1 at 3; ECF No.

1

1-1 at 6.)  Trial has not commenced in that matter, which is now subject to an interlocutory

appeal, following extensive motion practice.  *See* Petition for Allowance of Appeal to the

Supreme Court of Pennsylvania, *Commonwealth of Pennsylvania v. Jarvis E. Roberts*, 128 MAL

2023 (Pa. filed February 15, 2013).  Presently before the Court are nine (9) different motions

filed by the parties, but for purposes of this opinion and the accompanying order, the Court only

addresses:

> (1) Defendant Judge Parisi's Motion to Dismiss (ECF No. 25);
> (2) Defendant Nigrini's Motion to Dismiss (ECF No. 26);
> (3) Defendant Walker's Motion to Dismiss (ECF No. 49);
> (4) Plaintiff's Motion for Default Judgment against Defendant Walker (ECF No. 47);
> (5) Defendant the Commonwealth of Pennsylvania's Motion to Dismiss (ECF No. 38);
> (6) Defendant the City of Reading's Motion to Dismiss (ECF No. 52);
> (7) Defendants Berks County, Adams, Skayhan, Goldsmith, Louviaux, Perkins
> (ECF No. 12) combined Motion to Dismiss to which Defendant McDonough joined (ECF
> No. 20).

The Court grants the Motions to Dismiss of Defendants Judge Parisi and the Commonwealth

of Pennsylvania, as this Court, pursuant to the Eleventh Amendment, lacks subject matter

jurisdiction over Plaintiff's claims as to these Defendants and Judge Parisi is entitled to judicial

immunity. The Court also grants the Motions to Dismiss of Defendants Nigrini and Walker and

denies Plaintiff's Motion for Default Judgment against Defendant Walker, as both Defendants,

Plaintiff's former attorneys, are not state actors.  Regarding Plaintiff's claims against the

remaining Defendants, this Court finds that a stay is appropriate under *Younger* abstention

pending the completion of the underlying criminal case.

## I.    STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of a complaint.  To survive a Rule 12(b)(6)

motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Tombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when the plaintiff pleads

"factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Id.*  In deciding whether a complaint fails to state a claim upon

which relief can be granted, the court is required to accept as true all factual allegations in the

complaint as well as all reasonable inferences that can be drawn from the complaint. *Jordan v.*

*Fox Rothschild, O'Brien & Frankel, Inc*., 20 F.3d 1250, 1261 (3d Cir. 1994). These allegations

and inferences are to be construed in the light most favorable to the plaintiff.  *Id.*  However, the

court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion

to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Further, it is

not proper to "assume that [the plaintiff] can prove facts that [he] has not alleged . . . ."

*Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519,

526 (1983).  Thus, "a pleading that offers labels and conclusions or a formulaic recitation of the

elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a

complaint must recite factual allegations enough to raise the plaintiff's claimed right to relief

beyond the level of mere speculation.  *Id.*  A complaint is deficient if it fails to contain "a short

and plain statement of the claim showing that the pleader is entitled to relief."  *See Travaline v.*

*U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (per curiam) ("Rule 8 of the Federal

Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'")

(quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id*. ("Each averment must be 'simple, concise, and

direct.'") (quoting Fed. R. Civ. P. 8(d)(1)).  In determining whether to dismiss a complaint

brought by a *pro se* litigant, a federal district court is "required to interpret the *pro se* complaint

liberally."  *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018). "[A] *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 (2007).  Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim*." Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Additionally, under Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim.  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  In considering a motion to dismiss, the court generally relies only on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).  The court may consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider and take notice of matters of public record. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). Such matters of public record include prior judicial proceedings. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

Lastly, after an entry of default by the Clerk of Court, a district court may enter default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure against a properly served defendant who fails to file a timely responsive pleading. *See Anchorage Ass'n v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  Default judgment is permissible only if "the plaintiff's well pleaded facts . . . assert a legally sufficient claim for relief."  *Mendez v. Puerto Rican Int'l Cos., Inc.*, 2015 U.S. Dist. LEXIS 20809 at *2 (D.V.I. Feb. 18, 2015) (citing *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 n.23 (2d Cir. 2011) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief.")). In deciding a motion for

default judgment, the court must accept as true any facts in the pleadings, except those relating to

the amount of damages claimed. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Entry of default judgment is left primarily to the discretion of the district court. *Hritz v. Woma*

*Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1990). Thus, a court may grant a motion for default

judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) but will deny such motion if the

complaint fails to state a claim under the motion to dismiss standard. *Budge v. Arrianna Holding*

*Co., LLC*, No. 13-0056, 2014 U.S. Dist. LEXIS 59378, 2014 WL 1705830, at *5 (D.N.J. Apr.

29, 2014) ("[a] court will deny a default judgment if the complaint fails to state a claim under the

motion to dismiss standard"); *Ramirez v. Nacerima Indus.*, No. 10-1204, 2012 U.S. Dist. LEXIS

111391, at *1 (D.N.J. Aug. 8, 2012) (denying motion for default judgment under Federal Rule of

Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted).

## II.   BACKGROUND

The following factual and procedural history is derived from Plaintiff's Complaint, as well as

documents from Plaintiff's underlying criminal case referenced and attached to his Complaint,

docketed at *Commonwealth v. Roberts*, Berks County Court of Common Pleas Docket Nos. CP-06-

CR-0004876-2017 and CP-06-CR-0000416-2019. This Court takes judicial notice of this

consolidated criminal proceeding. On November 14, 2017, an information was filed arraigning

Plaintiff in the Court of Common Pleas of Berks County for unlawful possession of a firearm in

violation of 18 Pa. C.S. § 6105(a)(1). *Commonwealth of Pennsylvania v. Jarvis E. Roberts*,

Docket No. CP-06-CR-0004876-2017 (ECF 26 at 2.). According to the docket, Defendant

Michael Perkins is listed as the "arresting officer." (*Id.*) Based on court testimony and exhibits

attached to Plaintiff's Complaint, Defendant Michael Perkins, who was in the criminal

investigation unit with the City of Reading Police Department, appears to have signed an

"Affidavit of Probable Cause" regarding Mr. Robert's alleged involvement in the crime subject

to the consolidated criminal proceeding.  (ECF No. 1-1 at 65, 95.)   The court docket further lists

the Honorable Thomas Parisi as the judge presiding over this criminal case. (*Id.*)  In a Reading

Police Department incident report and court transcripts attached to Plaintiff's Complaint,

Defendant Jose Gavilanes is named as a witness to the alleged crime who provided testimony for

the government. (ECF 1-1 at 66.)  On August 24, 2018, Defendant Jay Nigrini entered an

appearance as counsel for Plaintiff, but was replaced by attorney Defendant Michael A. Walker,

who entered his appearance on June 11, 2020.  (ECF 26-1 at 9, 15.)  Subsequently, in the

criminal case, *Commonwealth of Pennsylvania v. Jarvis E. Roberts*, CP-06-CR-0000416-2019,

multiple charges were brought against Mr. Roberts for alleged intimidation of witnesses or

victims in violation of 18 Pa.C.S. § 4952(a)(1).  (ECF No. 26-2 at 2.)   That case is also presided

over by Judge Parisi, and Plaintiff was represented by Defendant Jay Nigrini, who was

subsequently replaced by Defendant Walker as counsel, though Defendant Walker withdrew his

appearance on or around December 27, 2021.  (*Id.*)  Defendant John Adams is the District

Attorney of the Berks County District Attorney's Office.  (ECF No. 12 at 5.)   Defendants

Dennis Skayhan, James Goldsmith, Margaret McDonough, and Rachel Louviaux are current

and/or former Assistant District Attorney's for Berks County.  (*Id.*)  According to court

transcripts attached to the Complaint, Defendants McDonough and Goldsmith appear to have

been the prosecutors assigned to the case.  (ECF No. 1-1 at 78, 83.)

Plaintiff commenced the present matter in this Court on December 1, 2022, while the

criminal proceedings in both the 2017 and 2019 cases remain pending. (ECF 1.)  In his complaint,

Plaintiff claims that the Berks County District Attorney "knowingly put a lying witness on the

stand suborning perjury. . .depriving plaintiff of his 5th Amendment right to due process," and

"filed false charges in retaliation . . . [for] exposing [their] lies." (ECF 1 at 5.)  Plaintiff further

alleges that the Assistant District Attorney "withheld evidence showing their witness lied in attempt to conceal their misconduct." *Id*. Plaintiff claims that his "counsel refused to address this misconduct denying the plaintiff effective assistance of counsel a right guaranteed by the 6th Amendment" and then "conspired with the Commonwealth to violate the plaintiffs [sic] speedy trial rights allowing the plaintiff to continue to be prosecuted for four years after and counting." (*Id.*) Mr. Roberts is also claiming that Judge Parisi "misapplied, ignored, and over[rode] the law," and "has been complicit in the cover up [sic] of these crimes." (*Id.*) According to Plaintiff, the "witness lied, the detective lied, the prosecutor lied, the defense attorney lied, and the judge tried to cover it up" and then they "conspired to violate the plaintiffs [sic] constitutional rights." Plaintiff seeks compensatory and punitive damages for the "cruel and unusual punishment on behalf of the government." (*Id.*)

## III.   **DISCUSSION**

Though Plaintiff cites 18 U.S.C. §§ 241-242 – a criminal statute that allows the government, not private individuals, to bring charges[1] – as the basis for this Court's jurisdiction, the correct statute which authorizes civil damage claims for alleged constitutional violations committed by states, municipalities, and their employees is 42 U.S.C. §1983. (ECF No. 1 at 3.) A plaintiff bringing a cause of action under Section 1983 must demonstrate that "a person" acting "under color of" state law deprived him or her of a federal statutory or constitutional right. 42 U.S.C. §1983; *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982) (stating "in

---

[1]   Plaintiff cannot bring a *civil* claim under 18 U.S.C. § 241 and § 242 because neither statute creates a private right of action. *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (per curiam) ("[W]e agree with the District Court's dismissal of the 18 U.S.C. § 241 and § 242 claims. Neither statute creates a civil cause of action." (citing *United States v. City of Philadelphia*, 644 F.2d 187, 199 (3d Cir. 1980)); *Colon-Montanez v. Pa. Healthcare Serv. Staffs,* 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes provide no private cause of action. . .")

a § 1983 action brought against a state official, the statutory requirement of action 'under color

of state law' and the 'state action' requirement of the Fourteenth Amendment are identical").

Claims under Section 1983 can take two forms: an "individual capacity" lawsuit, which

are those brought against a government official to hold him or her personally liable, and an

"official capacity" action, which seeks to hold the official's government entity liable for actions

taken by the official. *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (comparing

personal and official capacity actions). Under Section 1983, employees of local governments can

be sued in both their personal and official capacities.  *Monell v. Department of Social Services of*

*City of New York*, 436 U.S. 658, 690 (1978) (holding that local government officials may be sued

in their official capacities for damages because local governments are persons under § 1983).

Employees of a state, however, can only be sued personally.  *Kentucky v. Graham*, 473 U.S. at

169 (explaining that judgment against a state employee would impose liability on the State, and

the Eleventh Amendment bars a damages action against a State in federal court); *see also Melo v.*

*Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), aff'd, 502 U.S. 21 (1991) (explaining that the Eleventh

Amendment bars a suit against state officials in their official capacity because the state is the real

party of interest).

County and municipal governments can be named as defendants in a Section 1983 action,

but this liability only extends to "their *own* illegal acts." *Monell*, 436 U.S. at 690 (1978) (holding

that municipalities and other local government units are persons under § 1983); *Connick v.*

*Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475

U.S. 469, 479 (1986) (municipalities are not vicariously liable under § 1983 for their employees'

actions).  To plead a plausible basis for municipal liability under § 1983, a plaintiff must allege

that the municipality's policy or custom caused the violation of his constitutional rights.  *See*

*Monell*, 436 U.S. at 694; *Hatfield v. Berube*, 714 F. App'x. 99, 102 n.1 (3d Cir. 2017).  A

plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or

discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to

the constitutional rights of those affected."  *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

A state, unlike a municipality and a county, cannot be sued under Section 1983.  *Will v.*

*Michigan Department of State Police*, 491 U.S. 58, 63-64 (1989) (holding a state is not a person

under § 1983); *Hindes v. F.D.I.C.*, 137 F.3d 148, 157 (3d Cir. 1998) (explaining that "because §

1983 provides a remedy for violations of federal law by persons acting pursuant to state law,

federal agencies and officers are facially exempt from § 1983 liability inasmuch as in the normal

course of events they act pursuant to federal law"). That is because as a matter of statutory

construction: (1) a "state" is not considered a suitable "person" for purposes of Section 1983, and

(2) when a state official is sued in an official capacity, the lawsuit is considered as being brought

against the real party in interest which is the state entity for which the official is an agent.  *See*

*Callahan v. City of Philadelphia et al., supra.*; *Will v. Michigan Department of State Police*, 491

U.S. 58, 63 (1989). *Bivens v. Six Unknown Named Agents of Federal Bureau of Investigation*,

403 U.S. 388 (1971); *Webster v. Doe*, 486 U.S. 592 (1988).

Private individuals can also be sued under Section 1983, but they must be acting on

behalf of a state or local government because the statute requires that they "act under color of

law." *See West v. Atkins*, 487 U.S. 42, 57 (1988) (holding that where a private entity takes action

fairly attributable to the state, they can be said to act under color of state law for purposes of §

1983).  Nowhere in the Complaint does Section 1983 appear. Nor does it indicate whether

Plaintiff is proceeding against any of the Defendants in their individual or official capacity.

Nonetheless, since Plaintiff is proceeding *pro se*, this Court liberally construes his Complaint as

asserting Section 1983 claims for violations of his federal constitutional rights.

> a. **Claims Against the Commonwealth of Pennsylvania and Judge Parisi in His Official Capacity**

This Court lacks subject matter jurisdiction over Plaintiff's constitutional claims brought

against the Commonwealth of Pennsylvania and Judge Parisi in his official capacity because the

Eleventh Amendment of the United States Constitution is an absolute bar to such claims.[2]

Eleventh Amendment sovereign immunity bars suits in federal courts against an un-consenting

state brought by the state's own citizens, which deprives a federal court of jurisdiction to hear the

case.  *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Pennhurst State School and Hosp. v.*

*Halderman*, 465 U.S. 89, 100 (1984).  This immunity applies to suits against a department or an

agency of the state and to state officials acting within their official capacity, since such suit is

deemed as one against the state, the real party in interest.  *See Mt. Healthy City Bd. of Ed. v.*

*Doyle*, 429 U.S. 274, 280 (1977); *Kentucky*, 473 U.S. at 166; *Dill v. Pennsylvania*, 3 F. Supp. 2d

583, 586 (E.D. Pa. 1998).  As with all constitutional rights, this rule is not absolute.  Congress

may abrogate such immunity in the exercise of its power to enforce the Fourteenth Amendment.

*See Fitzpatrick v. Bitzer*, 427 U.S. 445, 49 (1976); *College Sav. Bank v. Florida Prepaid*

*Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).  Moreover, a state may waive its

sovereign immunity. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002); *College Sav. Bank*, 527

U.S. at 670; *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985).  In addition, when

---

[2] Further, the Commonwealth and Judge Parisi in his official capacity are not "persons" under Section 1983 and therefore, may not be sued under that statute. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("Will establishes that the State and arms of the State … are not subject to suit under § 1983. . . .").

a private party sues a state officer for prospective injunctive or declaratory relief from an

ongoing violation of the Constitution or federal laws, the suit is not considered to be against the

state itself, and the Eleventh Amendment does not apply.  *See Ex Parte Young*, 209 U.S. 123,

159-60 (1908).

Plaintiff's claims against Judge Parisi in his official capacity are deemed a suit against the

Pennsylvania court system, which is considered a part of the Commonwealth of Pennsylvania,

and thus, the Eleventh Amendment extends to such claims.  Pa. Const. Art. V §§ 1, 5, 6(c), 10(a);

42 Pa. C.S. 102 ("Commonwealth government" includes "the courts and other officers or

agencies of the unified judicial system" and the term "court" includes "any one or more of the

judges of the court…"); *see also Benn v. First Judicial District*, 426 F.3d 233, 239-40 (3rd Cir.

2005).  Section 1983 does not abrogate the Eleventh Amendment.  *See Quern v. Jordan*, 440

U.S. 332 (1979).  And since Plaintiff seeks damages from the Commonwealth of Pennsylvania

and Judge Parisi in his official capacity, not declaratory or injunctive relief, *Ex Parte Young*[3] is

inapplicable to this case such that this Court would only have jurisdiction if Eleventh

---

[3]     Plaintiff's state court criminal proceeding is currently awaiting the outcome of an
interlocutory appeal.  Even if Plaintiff were seeking declaratory or injunctive relief, pursuant to
the *Rooker-Feldman* doctrine, federal courts are without subject-matter jurisdiction to review
state court decisions.  *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923) (holding that a federal
district court lacked subject matter jurisdiction over a suit that effectively sought review of a
state court's decision); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983) (holding
that a federal district court was without subject matter jurisdiction to entertain a challenge to a
decision of the District of Columbia Court of Appeals). Rather, state court litigants may only
obtain federal review by filing a petition for a writ of certiorari with the United States Supreme
Court.  28 U.S.C. § 1257 ("Final judgements or decrees rendered by the highest court of a State
in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari. .
."). Federal District Courts are barred from exercising jurisdiction over direct appeals of state
court decisions, even ones alleging constitutional violations, and any de facto equivalent of such
an appeal. Thus, this Court is precluded from reviewing Plaintiff's constitutional challenges as to
the manner in which the Berks County Court of Common Pleas conducted its proceedings and to
invalidate an order it issued.

Amendment sovereign immunity was waived.  The Commonwealth of Pennsylvania has not

waived its sovereign immunity from suit in federal court.  *See* 42 Pa. Cons. Stat. Ann. § 8521(b)

("Nothing contained in this subchapter shall be construed to waive the immunity of the

Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the

Constitution of the United States.").    Since this immunity has not been waived, this Court lacks

subject matter jurisdiction over Plaintiff's claims due to the Eleventh Amendment.  Therefore,

the Court grants the Motions to Dismiss of Defendants the Commonwealth of Pennsylvania and

Judge Parisi in his official capacity.

### b.  Claims Against Judge Parisi in His Personal Capacity

Plaintiff's claims against Judge Parisi in his personal capacity are also barred because

Judge Parisi is entitled to judicial immunity.  It is a well-settled principle of law that judges are

generally "immune from a suit for money damages."  *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per

curiam); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006); *see also Randall v. Brigham*, 74

U.S. 523, 536 (1868) ("This doctrine is as old as the law, and its maintenance is essential to the

impartial administration of justice.").  The doctrine of judicial immunity is founded upon the

premise that a judge, in performing his or her judicial duties, should be free to act upon his or her

convictions without threat of suit for damages. *See Bradley v. Fisher*, 80 U.S. 335, 347 (1872)

("Liability to answer to [everyone] who might feel himself aggrieved by the action of the judge,

would be inconsistent with the possession of this freedom, and would destroy that independence

without which no judiciary can be either respectable or useful."). The Supreme Court has made it

clear that:

> "judges of courts of superior or general jurisdiction are not liable to civil
> actions for their judicial acts, even when such acts are in excess of their
> jurisdiction, and are alleged to have been done maliciously or corruptly."

*Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (quoting *Bradley*, 80 U.S. at 351).  As a result, a judge's immunity from civil liability "is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial acts, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted).

In this case, Judge Parisi, a sitting Judge of the Berks County Court of Common Pleas, is presiding over the underlying criminal proceeding against Mr. Roberts which is the source of Plaintiff's alleged claims.  The Court of Common Pleas of Berks County has jurisdiction over this criminal proceeding, and Judge Parisi is acting within the scope of that jurisdiction.  *See* 42 Pa.C.S.A § 931(a) ("Except where exclusive original jurisdiction of an action. . .is by statute or by general rule adopted pursuant to section 503. . .vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings." . .)  The actions Plaintiff pleads as alleged constitutional violations were all taken in Judge Parisi's judicial capacity and are paradigm judicial acts.  They do not become nonjudicial because Plaintiff thinks they are wrong or in error.  *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005).

To the extent that Plaintiff attempts to allege that a conspiracy existed between Judge Parisi and the other Defendants, his allegations are woefully insufficient to support a Section 1983 claim.  To survive a motion to dismiss a conspiracy claim under Section 1983, a plaintiff must allege both a mutual understanding to achieve some unconstitutional action reached by the private and state defendants and *some factual* assertions suggesting a meeting of the minds.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970); *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184-85 (3d Cir. 2009); *Kost v. Kozakiewicz*, 1 F.3d 176, 185 (3d Cr. 1993);

*see also Jutrowski v. Twp. Of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2019)*; Ross v. Megan*, 638 F. 2d 646, 650 (3d Cir. 1981); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 664 (E.D. Pa. 2014), *aff'd*, 572 App'x 68 (3d Cir. 2014). Though Plaintiff alleges that Judge Parisi was "complicit," and "conspired to violate. . .[his] constitutional rights," he cannot rest upon these legal labels and conclusions without some supporting facts. *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitled to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") Thus, Judge Parisi is entitled to judicial immunity, and Plaintiff's claims against him must be dismissed.

### c.  Claims Against Defendants Jay Nigrini and Michael A. Walker

Defendants Jay Nigrini and Michael A. Walker – Plaintiff's former attorneys in the underlying criminal proceeding – are private citizens, and not government actors. Section 1983 protects against constitutional violations by the state and local governments, but "not against wrong done by individuals." *United States v. Price*, 388 U.S. 787, 799 (1966). Thus, in order to impose liability on a defendant pursuant to Section 1983, the defendant must have acted "under color of law," a requirement equivalent to that of "state action" under the Fourteenth Amendment. *See Pecknick v. Commonwealth of Pennsylvania*, 36 F. 3d 1250, 1255-56 (3d Cir. 1994). A private party's conduct may be viewed as state action if, and only if, the "seemingly private behavior 'may be treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch.*, 531 U.S. 288, 295 (2001); *see also Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974) (Section 1983 "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"). Though private individuals may act "under color of law"

14

for purposes of Section 1983 by conspiring with state actors to violate a plaintiff's civil rights, such claims must rise above "mere conclusions and labels." *Capogrosso*, 588 F. 180, 184 (3d Cir. 2009).

After reviewing Plaintiff's Complaint – and construing it liberally, as this Court must in *pro se* cases – the Court concludes that the pleading lacks sufficient facts to establish a plausible claim under Section 1983 against any of these private individual Defendants.  First, it is well-settled that "[p]rivate lawyers do not act 'under color of state law' merely by making such of the state's court system." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).  Indeed, the law regarding Plaintiff's claims against Defendants Nigrini and Walker is clear: "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. V. Dodson*, 454 U.S. 312, 318 (1981).  Consequently, Defendants Nigrini's and Walker's representation of Plaintiff in state court, alone, does not supply the "under color of state law" requirement for a Section 1983 Claim.

Like Plaintiff's claims against Judge Parisi, Plaintiff's conclusory statements that Defendants Nigrini and Walker engaged in a "conspiracy" also fail to set forth a plausible Section 1983 claim.  Plaintiff does not provide any factual details that would suggest that the Defendants had a "common meeting of the minds."  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970).  Beyond Plaintiff's statement that the Defendants all "lied" and engaged in a "conspiracy," Plaintiff attaches documents from the underlying criminal proceeding regarding motions made by his attorneys and Judge Parisi's rulings thereon.  Were this enough to establish a conspiracy between attorneys, prosecutors, witnesses, and the judge before whom a plaintiff appears in a criminal case, surely the federal courts would be flooded by disgruntled parties seeking to bypass criminal proceedings in state courts.  Even when read liberally, Plaintiff's

allegations do not provide any facts, inferentially or otherwise, that would suggest he has a colorable conspiracy and Section 1983 claim. Consequently, since Plaintiff has failed to adequately plead the "under color of law" element of a Section 1983 claim, the Court dismisses the claims against Defendants Walker and Nigrini.

The Court, in its discretion, also declines to retain jurisdiction over Plaintiff's remaining state law claim against Defendants Nigrini and Walker for "malicious prosecution." *See* 28 U.S.C. § 1367(c)(3) (providing that district courts may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction); *Tully v. Mott Supermarkets, Inc.,* 540 F. 2d 187, 195 (3d Cir. 1976) (noting that in non-diversity cases where the court dismisses all federal claims before trial, the general rule is that a district court should decline to exercise supplemental jurisdiction over the state law claims absent "extraordinary circumstance"); *see also Timm v. Mead Corp.,* 32 F. 3d 273, 277 n. 2 (7th Cir. 1994) (noting that "dismissal at the pleadings stage usually counsels strongly in favor of relinquishing jurisdiction"). Because Plaintiff is unable to state any federal claim against Defendants Nigrini and Walker and no extraordinary circumstances exist, the Court finds it would be appropriate to decline to exercise supplemental jurisdiction over any state law claim against them. Therefore, this Court dismisses all the Plaintiff's claims against Defendants Nigrini and Walker.

>    d. **Claims Against Defendants the City of Reading, the County of Berks, John Adams, Dennis Skayhan, James Goldsmith, Rachel Louviaux, Michael Perkins and Margaret McDonough**

The Court finds that *Younger* abstention is appropriate as to Plaintiff's claims against Defendants the City of Philadelphia, the County of Berks, Adams, Skayhan, Goldsmith, Louviaux, Perkins, and McDonough in light of the ongoing criminal proceeding against Mr.

Roberts and the pending interlocutory appeal.  In *Younger v. Harris*, 401 U.S. 37 (1971), the

Supreme Court "held that absent extraordinary circumstances federal courts should not enjoin

pending state criminal prosecutions."  Under the *Younger* abstention doctrine, federal courts may

not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for

constitutional violations arising from them.  *Borowski v. Kean Univ.*, 68 F. 4th 844, 850 (3d Cir.

2023).  The underlying concern of *Younger* is the "threat to our federal system posed by

displacement of state courts by those of the National Government." *Moore v. Sims*, 442 U.S. 415,

423 (1979); *see also PDXN., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d

871, 882 (3d Cir. 2020).   The *Younger* doctrine allows a district court to abstain when (1) there

are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate

important state interests; and (3) the state proceedings afford an adequate opportunity to raise

federal claims.  *Matusow v. TransCounty Title Agency, LLC,* 545 F.3d 241, 248 (3d Cir. 2008).

Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate,"

where the state law is "flagrantly and patently violative of express constitutional prohibitions," or

where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call

for equitable relief." *Younger*, 401 U.S. at 46, 53-54.  The exceptions are to be narrowly construed.

*Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of

Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).  If *Younger* abstention applies, that leads

to two possible dispositions: a dismissal or a stay.  If the federal lawsuit seeks only damages,

then a federal court cannot dismiss the suit, but may, in the exercise of its discretion, stay the

case for the pendency of the state proceedings.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706,

721 (1996); *Marran v. Marran*, 376 F.3d 143, 155 (3d Cir. 2004).  Alternatively, if the claims

are for injunctive or declaratory relief, then a federal court must dismiss the case.  *Borowski*, 68

F. 4th at 850.

A review of the public docket of the consolidated criminal case *Commonwealth v. Jarvis Roberts*, CP-06-CR-0000416-2019 and *Commonwealth v. Jarvis Roberts*, CP-06-CR-00004876-2017 along with Plaintiff's Complaint indicates that the conditions for *Younger* to apply are satisfied.  First, the docket indicates that the criminal case against Mr. Roberts remains ongoing as it has not yet gone to trial and is subject to a pending interlocutory appeal.  There is substantial overlap between the facts underlying this civil case and the state criminal case.  In particular, in the underlying criminal case, Mr. Roberts asserts many of the same allegations as before this Court including: (1) the prosecution withheld evidence; (2) the government's witness gave "false testimony"; (3) the prosecution withheld evidence and knowingly introduced the witness's "inconsistent" and "false testimony," and; (4) that the investigating officer "fabricated" information in a police report and an "Affidavit of Probable Cause."   (ECF No. 1-1 at 13, 22, 24, 27, 30, 46, 41, 50, 56, 132, 199).  Similarly, in the present matter, Plaintiff alleges that the Berks County District Attorney knowingly and willingly put a lying witness on the stand during his trial in violation of his Fifth Amendment rights.  (ECF No. 1 at 3.)  Plaintiff then alleges that the Berks County Assistant District Attorney knowingly withheld evidence that would have proved their witness had lied in order to hide their own misconduct, and that the District Attorney filed false charges against Mr. Roberts in retaliation for exposing these lies.  *Id.*  Given the substantial overlap, federal court litigation has a great potential for disrupting the state case. The Commonwealth of Pennsylvania has an important interest in enforcing its criminal laws and in ensuring the integrity of its criminal proceedings. Likewise, the state court overseeing a criminal case has an important interest in policing the constitutionality of the gathering and presentation of evidence while that proceeding is ongoing without undue federal court interference.  Thus, the Court finds that the second factor of the *Younger* test is satisfied.  Lastly, Plaintiff's pending state criminal case provides him with ample opportunity to raise the constitutional claims he seeks to also raise here

and which he has exercised by filing motions and seeking an appeal. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Accordingly, all the elements for the court to invoke the *Young*er abstention doctrine are present. Nothing in the record indicates that the proceedings are being conducted in bad faith or that an extraordinary circumstance exists. The Court, therefore, abstains until the ongoing state criminal proceeding has concluded.

## IV.    CONCLUSION

For the reasons stated, Plaintiff's claims against Defendants the Commonwealth of Pennsylvania, Judge Parisi, Nigrini, and Walker are dismissed, and Plaintiff's Motion for Entry of Default against Defendant Walker is denied. Leave to amend Plaintiff's Complaint against these Defendants would be futile and thus, the accompanying order dismisses with prejudice and terminates as Defendants the Commonwealth of Pennsylvania, Judge Parisi, Nigrini, and Walker. The claims against Defendants City of Reading, the County of Berks, John Adams, Dennis Skayhan, James Goldsmith, Rachel Louviaux, Michael Perkins and Margaret McDonough are subject to *Younger* abstention, and therefore, will be stayed. An appropriate order will follow.

**IT IS SO ORDERED.**

BY THE COURT:

**/s/ Judge Kelley B. Hodge**

_____

**HODGE, KELLEY B., J.**