IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JARVIS ROBERTS,**<br>　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**STATE OF PENNSYLVANIA,**<br>**COUNTY OF BERKS,**<br>**CITY OF READING,**<br>**JOHN ADAMS,**<br>**DENNIS SKAYHAN,**<br>**THOMAS PARISI,**<br>**MARGARET McDONOUGH,**<br>**JAMES GOLDSMITH,**<br>**RACHEL LOUVIAUX,**<br>**MICHAEL PERKINS,**<br>**JAY NIGRINI,**<br>**MICHAEL WALKER and**<br>**JOSE GAVILANES,**<br>　　　　　**Defendants.** | **CIVIL ACTION**<br><br><br>**NO. 22-4829** |

## O R D E R

**AND NOW**, this 25th day of September, 2023, after consideration of the Motions to Dismiss of Defendants Judge Thomas Parisi, the Commonwealth of Pennsylvania, Jay Nigrini, Michael Walker, the City of Reading, County of Berks, John Adams, County of Berks, James Goldsmith, Rachel Louviaux, Margaret McDonough, Michael Perkins, and Dennis Skayhan (ECF Nos. 12, 20, 25, 26, 38, 49, 52), Plaintiff's Motion for Default Judge against Defendant Walker (ECF No. 47) and any response and opposition thereto, it is hereby ordered as follows:

1. Defendant Judge Parisi's Motion to Dismiss (ECF No. 25) is **GRANTED**. Plaintiff's claims against Defendant Judge Parisi are **DISMISSED** with prejudice.

2. Defendant Nigrini's Motion to Dismiss (ECF No. 26) is **GRANTED.** Plaintiff's claims against Defendant Nigrini are **DISMISSED** with prejudice.

3. Defendant Walker's Motion to Dismiss (ECF No. 49) is **GRANTED.** Plaintiff's claims against Defendant Walker are **DISMISSED** with prejudice.

4. Plaintiff's Motion for Default Judgment against Defendant Walker (ECF No. 47) is **DENIED**.

5. Defendant the Commonwealth of Pennsylvania's Motion to Dismiss (ECF No. 38) is **GRANTED**. Plaintiff's claims against the Commonwealth of Pennsylvania are **DISMISSED** with prejudice.

6. The Clerk of Court shall terminate Defendants Judge Parisi, Walker, Nigrini, and the Commonwealth of Pennsylvania from this action.

7. Plaintiff's claims against the City of Reading are **STAYED** pursuant to *Younger* until such time as all related proceedings in state court have been resolved.  Defendant the City of Reading shall advise the Court no later than seven (7) days following the conclusion of such proceedings.  Defendant the City of Reading's Motion to Dismiss (ECF No. 52) is administratively **TERMINATED** without prejudice to renew after the expiration of the stay.  Nothing in this Order shall preclude the City of Reading from moving to dismiss this action pursuant to the *Rooker-Feldman*[i] or preclusion doctrines prior to that time.

8. Plaintiff's claims against Defendants Berks County, Adams, Skayhan, Goldsmith, Louviaux, Perkins, and McDonough are **STAYED** pursuant to *Younger* until such time as all related proceedings in state court have been resolved. Defendants shall advise the Court no later than seven (7) days following the conclusion of such proceedings. Defendants Berks County, Adams, Skayhan, Goldsmith, Louviaux, and Perkins  (ECF No. 12) combined Motion to Dismiss to which Defendant McDonough joined (ECF No. 20) is administratively **TERMINATED** without prejudice to renew after the expiration of the stay.  Nothing in this Order shall preclude the Defendants from moving to dismiss this action pursuant to *Rooker-Feldman* or preclusion doctrines prior to that time.

**BY THE COURT:**

**/S/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

---

[i] The *Rooker-Feldman* doctrine holds that a United States District Court has no subject matter jurisdiction to review final judgments of a state court, because only the Supreme Court has jurisdiction to review state court judgments. *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); 28 U.S.C. § 1257. To trigger the *Rooker-Feldman* doctrine, the following requirements must be met: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F. 3d 159 (3d. Cir. 2010).  Additionally, the principles of issue and claim preclusion prevent a plaintiff from relitigating issues that were (and claims that were or could have been) litigated and resolved in a prior state court judgment. *Vuyanich v. Smithton Borough*, 5 F. 4th 379 (3d. Cir. 2021).